UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

PERCIVAL CHARLES FERRIS JR
FDOC Inmate #142336,
    Plaintiff,

v.                                            Case No. 3:24cv00039/MCR/ZCB

STATE OF FLORIDA, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

    Plaintiff Percival Charles Ferris Jr. is incarcerated in the Florida Department of Corrections. He is proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983. (Doc. 4). After reviewing Plaintiff's amended complaint (Doc. 8), the Court recommends that this case be dismissed without prejudice as malicious under 28 U.S.C. § 1915A(b)(1) because of Plaintiff's abuse of the judicial process.

    The prisoner civil rights complaint form requires a prisoner to list his prior litigation history. The form must be signed under penalty of perjury. The Eleventh Circuit has made clear that a prisoner's case may be dismissed without prejudice for not accurately disclosing litigation history on the complaint form. *See, e.g.*, *Burrell v. Warden I*, 857 F. App'x

1

624, 625 (11th Cir. 2021) (affirming dismissal of prisoner's complaint where prisoner failed to identify two prior federal lawsuits).[1]  Dismissal is appropriate, even if the prisoner claims that a misunderstanding caused his failure to disclose litigation history.  *See Redmon v. Lake Cnty. Sheriff's Office*, 414 F. App'x 221, 226 (11th Cir. 2011) (affirming dismissal for failure to disclose litigation history and concluding that prisoner's failure was not excused by his claimed misunderstanding of the form).

Here, Section VIII of the complaint form required Plaintiff to disclose information regarding prior civil cases he had filed in state and federal court.  (Doc. 8 at 16).  Plaintiff checked the box indicating that

---

[1] A raft of Eleventh Circuit cases say the same thing.  *See, e.g.*, *Kendrick v. Sec'y, Fla. Dep't of Corr.*, No. 21-12686, 2022 WL 2388425, at *3 (11th Cir. July 1, 2022) ("A plaintiff's bad-faith litigiousness or manipulative tactics, which include lying about one's litigation history, warrant dismissal under § 1915"); *Rickerson v. Sec'y, Fla. Dep't of Corr.*, No. 21-12110-F, 2021 WL 6098415, at *1 (11th Cir. Nov. 2, 2021) (concluding dismissal of prisoner's complaint as malicious was warranted where plaintiff disclosed six state actions and two federal actions but failed to disclose additional state actions that related to his incarceration or conditions of confinement); *Sears v. Haas*, 509 F. App'x 935, 935-36 (11th Cir. 2013) (affirming dismissal of prisoner's complaint as malicious for abuse of judicial process where prisoner failed to disclose previously filed cases); *Jackson v. Fla. Dep't of Corr.*, 491 F. App'x 129, 132-33 (11th Cir. 2012) (same); *Shelton v. Rohrs*, 406 F. App'x 340, 340-41 (11th Cir. 2010) (same); *Hood v. Tompkins*, 197 F. App'x 818, 819 (11th Cir. 2006) (same).

"YES," he had filed prior cases that were either dismissed for failure to state a claim, related to the same facts or issues as the current case, and/or concerned his conviction or the conditions of his confinement. (*Id.* at 17-18). But Plaintiff only disclosed a single case; throughout the remainder of the litigation history section of the complaint form, Plaintiff merely states that he does not remember any other cases. (*See, e.g., id.* at 19) ("Don't remember"). At the end of the complaint form, Plaintiff signed his name after the following certification: "I declare under penalty of perjury that the foregoing . . . is true and correct." (*Id.* at 21).

The Court has screened Plaintiff's amended complaint under 28 U.S.C. § 1915(e)(2)(B) to determine whether it is subject to dismissal for any of the grounds listed in that provision, including maliciousness. Upon researching Plaintiff's litigation history, the Court has discovered that Plaintiff failed to accurately disclose his litigation history on the complaint form. According to Public Access to Court Electronic Records (PACER), in addition to the single case Plaintiff disclosed (Case No. 3:23cv24017, N.D. Fla. 2023), Plaintiff commenced the following actions prior to filing his complaint in this case:

- Case No. 3:13cv1534 (M.D. Fla. 2014), which alleged

3

constitutional violations for lack of access to courts at his institution, was dismissed as frivolous (Doc. 9).

- Case No. 4:14cv454 (N.D. Fla. 2015), which alleged constitutional violations associated with a period of disciplinary confinement, was dismissed for failure to exhaust administrative remedies and for failure to state a claim (Docs. 30, 32).

- Case No. 3:16cv478 (M.D. Fla. 2016), which sought habeas relief, was dismissed (Doc. 5).

- Case No. 3:14cv476 (M.D. Fla. 2014), which alleged constitutional violations arising from the prison's shaving policy, was dismissed (Doc. 9).

- Case No. 3:13cv152 (M.D. Fla. 2016), which alleged constitutional violations associated with inadequate medical treatment at his institution, terminated in favor of the defendants at the summary judgment stage (Doc. 57).

The Plaintiff in the above cases also shares a FDOC inmate number with the Plaintiff in the current case, Inmate #142336. (*See* Doc. 8 at 1). The lawsuits cited above were clearly federal lawsuits that either (1) were

4

dismissed for failure to state a claim or as frivolous, or (2) they were challenging Plaintiff's conviction or conditions of confinement. As such, Plaintiff was required to identify them on the complaint form in this case. Yet he identified none of them.

The prior litigation portion of the complaint form serves important purposes. First, it permits efficient consideration of whether the prisoner is entitled to pursue the current action under the Prison Litigation Reform Act's "three strikes" provision. Second, it allows the Court to determine whether an action is related to, or otherwise should be considered in conjunction with, another lawsuit. Third, it enables the Court to determine whether any issues raised in the current action have been previously decided by another judge. These purposes are thwarted, and the efficiency of the judicial system diminished, when a prisoner fails to accurately disclose his litigation history on the complaint form.

Plaintiff's failure to accurately answer the questions on the complaint form is not excused by his claim that he does not "remember" the details of his litigation history.[2] The Eleventh Circuit has previously

---

[2] The same is true for Plaintiff's initial complaint (Doc. 1), in which he also stated he did not "remember" any prior cases except for one. (*See, e.g., id.* at 11). Although the Court focused on the merits of Plaintiff's

rejected attempts to rely on such evasive qualifiers to avoid dismissal. *See Schmidt v. Navarro*, 576 F. App'x 897, 899-900 (11th Cir. 2014) (affirming dismissal for failure to disclose even though the prisoner wrote "not to my memory" when answering questions regarding litigation history); *see also Burrell*, 857 F. App'x at 624-25 (affirming dismissal for failure to accurately disclose litigation history even though the prisoner claimed that he lacked memory of the omitted lawsuit). As another judge in this District has explained, a lack of memory is not an excuse for failing to disclose litigation history "because, like every other inmate, Plaintiff has an obligation to maintain information (or at least a list of case numbers) for all of his prior cases, and if he does not have that information, he can (and should) request it from the appropriate clerks' offices before filing a new case." *See Bashir v. Meherg*, No. 5:22-cv-142/TKW, 2022 WL 4471965, at *1 (N.D. Fla. Sept. 26, 2022) (cleaned up) (dismissing case because the plaintiff failed to accurately disclose his litigation history).

---

claims while screening his initial complaint (*see* Doc. 5), nothing prevents the Court from focusing its screening on the litigation history section of Plaintiff's amended complaint. *See* 28 U.S.C. § 1915A(b)(1).

The Court is concerned that if failure to accurately answer questions on the complaint form is not met with consequences, then word will spread throughout the prisons that the complaint form need not be truthfully completed. *See Rodriguez v. Inch*, No. 4:19cv191/RH/HTC (Doc. 52) (N.D. Fla. June 7, 2020) ("If the requirement for prisoner plaintiffs to disclose their prior lawsuits is to serve its purpose, a plaintiff must provide accurate information. If word got around the prisons that inaccurate or incomplete information could be provided with no effective sanction, the form would serve little purpose.").

As detailed above, Plaintiff failed to accurately disclose his prior litigation history on the complaint form. He did so, despite having been advised on the complaint form that "***failure to disclose all prior cases may result in the dismissal of this case.***" (Doc. 8 at 16). Consistent with that warning and the Eleventh Circuit precedent previously cited, it is recommended that Plaintiff's complaint be dismissed without prejudice.[3]

---

[3] Providing Plaintiff an opportunity to amend his complaint to disclose the previous lawsuit would be an inadequate sanction for his conduct. *See Young v. Sec'y for Dep't of Corr.*, 380 F. App'x 939, 940-41 (11th Cir. 2010) (holding that district court did not abuse its discretion by not providing a prisoner with an opportunity to amend his complaint to

Accordingly, it is respectfully **RECOMMENDED**:

1. That this case be **DISMISSED without prejudice** as malicious under 28 U.S.C. § 1915A(b)(1).

2. That the Clerk of Court be directed to enter judgment accordingly and close this case.

At Pensacola, Florida, this 11th day of March 2024.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

### NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.

---

disclose lawsuits that should have been disclosed initially).